IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MASON HAROLD HIRAKAWA,<br><br>    Plaintiff,<br><br>   vs.<br><br>CLAYTON FRANK, DIRECTOR,<br>DEPARTMENT OF PUBLIC<br>SAFETY; ALBERT TUFONO,<br>CHAIRMAN, HAWAII PAROLING<br>AUTHORITY,<br><br>    Defendants.<br>_____ | ) CIVIL NO. 10-00074 DAE-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION TO DISMISS<br>) THE COMPLAINT AND ORDER<br>) DENYING PLAINTIFF'S<br>) APPLICATION TO PROCEED IN<br>) FORMA PAUPERIS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION TO DISMISS
THE COMPLAINT AND ORDER DENYING PLAINTIFF'S
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

Before the Court is *pro se* Plaintiff Mason Hirakawa's ("Plaintiff"), Application to Proceed In Forma Pauperis ("Application"), filed February 12, 2010.

Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After careful consideration of Plaintiff's Application, the Court HEREBY RECOMMENDS dismissal of

the Complaint and HEREBY DENIES Plaintiff's Application for the reasons set forth below.

## DISCUSSION

On February 12, 2010, Plaintiff commenced the instant action and filed an Application to Proceed In Forma Pauperis ("Application").  Plaintiff requests that the Court permit him to proceed *in forma pauperis*.  A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by

amendment.'"  Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, Plaintiff's Complaint should be dismissed without prejudice because it fails to state a claim.  First, Plaintiff has named Albert Tufono as a defendant, alleging that Tufono did not follow Hawaii Revised Statutes § 706-669.  Tufono, who is Chairman of the Hawaii Paroling Authority, is absolutely immune from suit.  Parole board officials are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges."  Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)).  Tufono's actions related to the parole process are entitled to absolute immunity.  Accordingly, the Court recommends that the claims against Tufono be DISMISSED.

Second, Plaintiff challenges the legality of his sentence due to the Hawaii Paroling Authority's alleged failure to follow the applicable sentencing

procedures.  This claim is barred.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).  Pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Id. at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable."  Id.

Here, Plaintiff has not presented any evidence to demonstrate, nor has he alleged, that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question by a federal court's issuance of write of habeas corpus.  Indeed, Plaintiff filed a habeas petition in 2008.  See Hirakawa v. Thomas, et al., Civil No. 08-00486 SOM-KSC.  The district court denied the petition as moot, and the previous action is currently on appeal.  Plaintiff directs the Court to an opinion issued by the Intermediate Court of Appeals of Hawaii ("ICA").  Hirakawa v. State of Hawaii, No. 28445, 2008 WL 2486596 (Haw. Ct. App. June 12, 2008).  However, while the ICA determined that Plaintiff had presented a colorable claim that warranted an evidentiary hearing, it dismissed his appeal as moot.  Id. at **5-7.  In the absence of a reversal or invalidation of Plaintiff's sentence, any challenge to his conviction or sentence in this action is not cognizable and should be DISMISSED.

Based on the foregoing, the Court finds and recommends that Plaintiff's Complaint be dismissed without leave to amend.  Before dismissing a *pro se* complaint for failure to state a claim, a district court should generally give a *pro se* litigant leave to amend the complaint and a statement explaining the complaint's deficiencies.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988). Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.  Id. at 623; see also Shermoen v. United States, 982 F.2d 1312, 1319 (9th Cir. 1992) ("'[A] district court does not err in denying leave to amend where the amendment would be futile.'").  A review of the Complaint indicates that the deficiencies therein cannot be cured by amendment. Consequently, the Complaint should be dismissed without leave to amend and this action should be dismissed without prejudice.

Because the Court finds that the Complaint is frivolous, having no arguable substance of law or fact,

and cannot be cured by amendment, Plaintiff's Application is denied.  28 U.S.C. § 1915(e)(2); <u>see</u> <u>Tripati</u>, 821 F.2d at 1370; <u>Minetti</u>, 152 at 1115.

## CONCLUSION

In accordance with the foregoing, IT IS HEREBY FOUND AND RECOMMENDED that the Complaint and this action be DISMISSED WITHOUT PREJUDICE and HEREBY ORDERED that Plaintiff's Application to Proceed In Forma Pauperis, filed February 12, 2010, be DENIED.

The parties are advised that any objection to this Findings and Recommendation is due seventeen (17) calendar days after being served with a copy of this Findings and Recommendation.  <u>See</u> Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule 74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

Dated:  Honolulu, Hawaii, February 17, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 010-00074 DAE-KSC; <u>HIRAKAWA V. FRANK, ET AL.</u>; FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS