IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MASON HAROLD HIRAKAWA,<br><br>Plaintiff,<br><br>vs.<br><br>CLAYTON FRANK, DIRECTOR,<br>DEPARTMENT OF PUBLIC<br>SAFETY; ALBERT TUFONO,<br>CHAIRMAN, HAWAII PAROLING<br>AUTHORITY,<br><br>Defendants. | CV. NO. 10-00074 DAE-KSC |

ORDER: (1) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (2) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing Plaintiff's Objections and the supporting memoranda, the Court **DENIES** Plaintiff's Objections to the Findings and Recommendation of the Magistrate Judge.  (Doc. # 5.)

The Court hereby **ADOPTS IN PART AND MODIFIES IN PART** the Magistrate Judge's Findings and Recommendation to Deny Plaintiff's

Application to Proceed In Forma Pauperis and Dismiss Plaintiff's Complaint Without Prejudice. (Doc. # 4.)

## BACKGROUND

This matter arises from two criminal convictions of Plaintiff, Mason Harold Hirakawa, in the State of Hawaii. Plaintiff was charged with committing one count of Unauthorized Control of a Propelled Vehicle ("UCPV"), in violation of Hawaii Revised Statutes § 708-836 in criminal case Cr. No. 02-1-1700 ("Case 1"). In Case 1, Plaintiff pled guilty and was sentenced in the First Circuit Court, State of Hawaii on January 8, 2003 to serve 153 days of incarceration and five years probation and ordered to pay restitution in the amount of $550. Plaintiff was subsequently charged with committing another count of UCPV, in violation of Hawaii Revised Statutes § 708-836 in criminal case Cr. No. 04-1-0321 ("Case 2"). In Case 2, Plaintiff pled guilty and was sentenced in the First Circuit Court, State of Hawaii on November 10, 2004 to serve five years of incarceration with a mandatory minimum prison term of one year as a repeat offender, to be served concurrently with any other sentence being served. Plaintiff was also ordered to pay restitution in the amount of $1,678. On the same day, November 10, 2004, Plaintiff's probation in Case 1 was revoked and Plaintiff was sentenced to five years of incarceration.

On February 13, 2006, Plaintiff filed a Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody in the First Circuit Court, State of Hawaii. On February 27, 2007, the circuit court summarily denied Plaintiff's Rule 40 petition. On March 13, 2007, Plaintiff filed a Notice of Appeal to the Intermediate Court of Appeals of Hawaii ("ICA"). Hirakawa v. State of Hawaii, No. 28445, 2008 WL 2486596 (Haw. Ct. App. June 12, 2008). The ICA found that the circuit court erred in denying Plaintiff's Rule 40 Petition without a hearing because Plaintiff presented colorable claims of a violation of his right to due process and effective assistance of counsel. Id. However, the ICA concluded that Plaintiff's appeal was moot because he had already served his minimum term of imprisonment, completed all originally required programming, and no effective remedy could be afforded to him on appeal. Id. at 6-7.

On October 27, 2008, Plaintiff, proceeding pro se, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254 in this Court in Civ. No. 08-00486. The Respondents to this petition were Warden T. Thomas, Warden of the Saguaro Correction Center, Clayton Frank, Director of Public Safety ("DPS"), and the State of Hawaii. On March 4, 2009, Judge Susan Oki Mollway denied Plaintiff's Petition on grounds of mootness. (Civ. No. 08-00486

Doc. # 21.) On March 19, 2009, Plaintiff filed a notice of appeal to the Ninth Circuit, which is pending. (Civ. No. 08-00486 Doc. # 23.)

On February 12, 2010, Plaintiff filed a Complaint in this court against Clayton Frank, Director of the Department of Public Safety ("DPS") and Albert Tufono, Chairman of the Hawaii Paroling Authority ("HPA"). (Doc. # 1.) On the same day, Plaintiff filed an Application to Proceed In Forma Pauperis ("Application"). (Doc. # 3.)

On February 17, 2010, Magistrate Judge Chang issued Findings and Recommendation to Dismiss the Complaint and Deny Plaintiff's Application to Proceed In Forma Pauperis ("F&R"). (Doc. # 4.) In the F&R, Magistrate Judge Chang found Plaintiff's Complaint to be frivolous and incurable by amendment, thereby denying Plaintiff's Application and dismissing the Complaint without leave to amend. On March 4, 2010, Plaintiff filed the instant Objection to the F&R. (Doc. # 5.) Defendants did not file a Response.

STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de

novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.  The Court may accept those portions of the magistrate's findings or recommendation which are not objected to if it is satisfied that there is no clear error on the face of the record.  See Campbell v. United States District Court, 501 F.2d 196, 206 (9th Cir. 1974).

DISCUSSION

Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated when Defendants held Plaintiff's minimum term hearing more than ten months after he was committed to custody, in violation of Hawaii Revised Statutes § 706-669.[1]  According to Plaintiff, this alleged violation

---

[1] Hawaii Revised Statutes § 706-669 provides that
[w]hen a person has been sentenced to an indeterminate or an extended term of imprisonment, [HPA] shall, as soon as practicable

makes his sentence, conviction, and imprisonment "illegal, unlawful and unbinding." (Compl. at 2.) Plaintiff further alleges that Defendants conspired with Deputy Attorney General Lisa Itomura to vindictively retaliate against Plaintiff by enhancing his minimum term and causing him to "max out." (Id. at 4.) Due to this alleged conspiracy and intentional infliction of punishment, Plaintiff seeks monetary damages in the amount of $1,000,000 to compensate him for enduring the "unnecessary hardships of prison life and all the while being illegally detained." (Id. at 5.) According to Plaintiff, this figure is reflective of $1,000 dollars a day for a duration of three and a half years in which Plaintiff was incarcerated in a mainland prison facility. (Id.) On February 12, 2010, Plaintiff filed an Application to Proceed In Forma Pauperis. (Doc. # 3.)

        A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915 (a)(1). Further, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action

---

> but no later than six months after commitment to the custody of the director of the [DPS] hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e) (2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Id. (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir. 1984)).

In reviewing Plaintiff's Application to Proceed In Forma Pauperis, Magistrate Judge Chang determined that Plaintiff's Complaint should be dismissed without prejudice at the outset because his Complaint fails to state a claim on which relief can be granted. (F&R at 4.) Specifically, Magistrate Judge Chang found that Plaintiff's claims against Tufono should be dismissed because as the

7

Chairman of the HPA, Tufono is absolutely immune from suit. (Id.) As a parole board official, Tufono is entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." See Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)).

Magistrate Judge Chang further determined that Plaintiff's challenge of the legality of his sentence and conviction due to HPA's alleged failure to follow the applicable sentencing procedures set forth in Hawaii Revised Statutes § 706-669 was barred and not cognizable. (F&R at 5.) In particular, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990). Plaintiff seeks monetary relief in the amount of $1,000,000 for his endurance of the "hardships of prison life." (Compl. at 5.) In order to recover damages for an

> allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Further, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable."  Id.  Because Plaintiff had not presented any evidence to demonstrate, nor had he alleged, that his conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, Magistrate Judge Chang determined that any challenge by Plaintiff to his conviction or sentence was not cognizable. (F&R at 6.)  Based on the foregoing, Magistrate Judge Chang recommended that the Complaint be dismissed without prejudice and without leave to amend because its deficiencies could not be cured by amendment.  (Id. at 7-8.)

    Based on this Court's de novo review of the record and for the reasons set forth below, the F&R is adopted in part and modified in part and Plaintiff's objections are denied.

I.      Absolute Immunity of Albert Tufono, HPA Chairman

In his objection to Magistrate Judge Chang's F&R, Plaintiff first appears to concede that Tufono is entitled to absolute quasi judicial immunity for decisions to grant, deny, or revoke parole. (Obj. at 1.) However, Plaintiff then asserts that his claim deals with Tufono's alleged failure to follow Hawaii Revised Statutes § 706-669, which according to Plaintiff, violated his rights of due process under the Fourteenth Amendment and makes Tufono liable "in his individual and official capacity." (Id.) Beyond restating his alleged claim against Tufono, Plaintiff does not present any further argument objecting to Tufono's entitlement of absolute quasi-judicial immunity. The basis of Plaintiff's claim against Tufono involves Tufono's decisions as to Plaintiff's parole. Parole board members are entitled to absolute quasi-judicial immunity "for decisions 'to grant, deny, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." See Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004) (quoting Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)). Thus, this Court joins Magistrate Judge Chang in determining that Tufono is absolutely immune from suit in this action. Accordingly, Plaintiff's claim against Tufono is dismissed with prejudice.

II.  Lack of Evidence of Overturned Conviction or Grant of Writ of Habeas Corpus

In his Objection to the F&R, Plaintiff restates the basis of his claim against Tufono and Frank repeatedly. (Obj. at 1, 3-5.) However, Plaintiff fails to present any evidence of an overturned conviction or grant of writ of habeas corpus. Specifically, Plaintiff states that he is awaiting a decision in his appeal to the Ninth Circuit on his petition for writ of habeas corpus. (Id. at 4.) Indeed, Plaintiff did file a petition for writ of habeas corpus in 2008 in Civ. No. 08-00486.[2] However, this petition was denied as moot. The Court of Appeals for the Ninth Circuit has received Plaintiff's notice of appeal but no action has yet been taken. Plaintiff fails to demonstrate that he is entitled to recover damages for his allegedly unconstitutional conviction and imprisonment because Plaintiff has not offered proof that his conviction or sentence was reversed, expunged, declared invalid, or called into question by an issuance by a federal court of

---

[2]Plaintiff also filed a Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody in First Circuit Court. On appeal, the ICA concluded that although the circuit court erred in denying Plaintiff's Rule 40 Petition without a hearing, Plaintiff's appeal was moot because he had already completed his minimum term of imprisonment, completed all originally required programming, and no effective remedy could be afforded to him on appeal. Hirakawa v. State of Hawaii, No. 28445, 2008 WL 2486596 (Haw. Ct. App. June 12, 2008).

a writ of habeas corpus. Pursuant to Heck, Plaintiff's claim for damages is not cognizable until he proffers such evidence. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

This Court adopts the F&R in part and modifies in part. All claims against Defendant Albert Tufono are dismissed with prejudice. Plaintiff's Complaint against Defendant Clayton Frank are dismissed without prejudice because Plaintiff's claims are deficient and cannot be cured by amendment at this time. However, in light of Plaintiff's pending appeal of his petition for habeas corpus before the Ninth Circuit, Plaintiff's claims against Defendant Clayton Frank are dismissed without prejudice. Should the Ninth Circuit grant Plaintiff's writ of habeas corpus and his conviction be vacated, Plaintiff may, at that time, file a motion for leave to file an amended complaint.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Objections to the Findings and Recommendation of the Magistrate Judge. This Court ADOPTS IN PART AND MODIFIES IN PART the Magistrate Judge's Findings and Recommendation. All claims against Defendant Albert Tufono are hereby dismissed. The Clerk of the Court is hereby

directed to enter judgment in favor of Tufono.  Plaintiff's Complaint against Defendant Clayton Frank is dismissed without prejudice and Plaintiff's Application to Proceed In Forma Pauperis is hereby denied.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, March 24, 2010

_____
David Alan Ezra
United States District Judge

Hirakawa v. Frank, CV. No. 10-00074 DAE-KSC; ORDER: (1) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISS PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (2) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION